


**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

AMY ALCINI, an Individual, CHRISTOPHER COLE, an Individual, KATY COLE, an Individual and JONATHAN COLE, an Individual,

Plaintiffs,

vs.

NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, a Wisconsin corporation, and DOES 1-100, Inclusive

Defendants.

AND RELATED COUNTER AND CROSS CLAIMS

CASE NO.: 08-02889-VBF (AJW)

**JUDGMENT**

Complaint Filed: May 2, 2008
Trial Date: June 30, 2009

This action came on regularly for trial beginning on June 30, 2009 in Court Room 9 of the U.S. District Court, Central District, the Hon. Valerie Baker Fairbank presiding. The entirety of the actions and cross-actions in this matter were tried by the Court, except for Cross-Complainant Ryan Langdon's Conversion Cause of Action alleged against Cross-Defendants Amy Alcini, Christopher Cole, and Jacquelyn Damarjian, which was tried by a jury of eight persons, regularly impaneled and sworn. Witnesses were sworn and testified. During the jury trial on

Cross-Complainant Langdon's Conversion Cause of Action, the Court simultaneously heard evidence and arguments of counsel on the Parties' equitable causes of action: Plaintiffs' Declaratory Relief Cause of Action; Cross-Complainant Langdon's Declaratory Relief Cause of Action; and Cross Complainant Langdon's Constructive Trust Cause of Action.

On July 9, 2008, the jury returned its verdict on Langdon's Conversion Cause of Action, as follows:

"SPECIAL VERDICT

We answer the questions submitted to us as follows:

1. Upon Kay Cole's death, did Ryan Langdon have a right to possess the proceeds of Kay Cole's Northwestern Mutual Life Insurance Company's Life Insurance policy?

Yes______ No X_____

If your answer to question 1 is yes, then answer question number 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

2 Did cross-defendant(s) intentionally prevent Ryan Langdon from receiving the proceeds of Kay Cole's Northwestern Mutual Life Insurance Company's Life Insurance policy?

Amy Alcini: Yes______ No_______

Christopher Cole: Yes______ No_______

Jacquelyn Damarjian: Yes______ No_______

If your answer to any portion of question 2 is yes, then answer question number 3. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

3. Did Ryan Langdon consent to the actions of the cross-defendant(s) that prevented her from receiving the proceeds of the policy?

Yes______ No_______

If your answer to question 3 is no, then answer question number 4. If you answered yes, stop here, answer no further questions, and have the presiding juror sign and date this form.

4. Was Ryan Langdon harmed?

Yes______ No_______

If your answer to question 4 is yes, then answer question number 5. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

5. Was the cross-defendant's conduct a substantial factor in causing Ryan Langdon's harm?

Amy Alcini: Yes______ No_______

Christopher Cole: Yes______ No_______

Jacquelyn Damarjian: Yes______ No_______

If your answer to any portion of question 5 is yes, then answer question number 6. If you answered no to all portions of question 5, stop here, answer no further questions, and have the presiding juror sign and date this form.

6. What are Ryan Langdon's damages?

TOTAL $. _________

If your answer to question 6 is any dollar amount, then answer question number 7. If you left number 6 blank, stop here, answer no further questions, and have the presiding juror sign and date this form.

7. Did any cross-defendants act with malice, oppression or fraud in

preventing Ryan Langdon from receiving the proceeds of Kay Cole's Northwestern Mutual Life Insurance Company's Life Insurance policy? If so, who?

Amy Alcini: Yes______ No_______

Christopher Cole: Yes______ No_______

Jacquelyn Damarjian: Yes______ No_______"

On July 16, 2009, the Court filed its Memorandum of Decision and Findings of Facts and Conclusions of Law After Court Trial (doc. #285) pursuant to Federal Rule of Civil Procedure 52(a)(1). On April 14, 2009, as reflected in document #212, the Court entered an order dismissing Plaintiffs' First Amended Complaint against Northwestern Mutual Life Insurance Company ("Northwestern") based on the Plaintiffs' and Northwestern's stipulation.

Accordingly, it is HEREBY ORDERED, ADJUDGED AND DECREED that:

1. Judgment is entered in favor of Cross-Defendants Amy Alcini, Christopher Cole, and Jacquelyn Damarjian, and against Cross-Complainant Ryan Langdon on Cross-Complainant Langdon's Conversion Cause of Action.

2. Judgment is entered in favor of Plaintiffs Amy Alcini, Christopher Cole, Jonathan Cole, and Katy Cole, and against Defendant/Cross-Complainant Ryan Langdon on Plaintiffs' Declaratory Relief Cause of Action. The Court orders declaratory relief as follows: Plaintiffs Amy Alcini, Christopher Cole, Jonathan Cole and Katy Cole are the rightful beneficiaries of the Northwestern Mutual Life Insurance Company's Life Insurance Policy Number 1658401 ("Policy"), and are entitled to payment of the Policy proceeds.

3. Judgment is entered in favor of Cross-Defendants Amy Alcini, Christopher Cole, Jonathan Cole, Katy Cole, and Jacquelyn Damarjian and against Cross-Complainant Ryan Langdon on Cross-Complainant Langdon's Declaratory Relief Cause of Action.

4. Judgment is entered in favor of Cross-Defendants Amy Alcini, Christopher Cole, Jonathan Cole, Katy Cole, and Jacquelyn Damarjian and against Cross-Complainant Ryan Langdon on Cross-Complainant Langdon's Constructive Trust Cause of Action.

5. On Cross-Complainant Langdon's cross-claims against Northwestern, judgment is entered in favor of Cross-Defendant Northwestern and against Cross-Complainant Langdon.

6. Cross-Defendants Amy Alcini, Christopher Cole, Jonathan Cole, Katy Cole, and Jacquelyn Damarjian shall recover their costs of suit.

DATED: July 22, 2009

VALERIE BAKER FAIRBANK
JUDGE, UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA